THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER S. JOHNSON,

          Plaintiff,

    v.

KENNETH QUINN,[1] Superintendent, Monroe Correctional Complex,

          Defendant.

Case No. C09-0879-JCC

ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge James P. Donohue (Dkt. No. 30), and Petitioner's Objections (Dkt. No. 32). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the R&R, DENIES the underlying habeas petition (Dkt. No. 1), and DISMISSES the case with prejudice, for the reasons explained herein.

---

[1] Mr. Scott Frakes is now the Superintendent of the Monroe Correctional Complex; therefore, the Court substitutes him as respondent for Mr. Kenneth Quinn. *See* FED. R. CIV. P. 25(d); *see also Stanley v. Cal. Sup. Ct.,* 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition is generally the warden of the facility where petitioner is incarcerated).

ORDER
PAGE - 1

## I. BACKGROUND

On June 17, 2007, Petitioner was convicted in King County Superior Court of domestic violence first degree assault on Jeanette McQueen, after he burned her multiple times with a clothes iron. (Repl. 1 (Dkt. No. 29); *see also* Report & Recommendation, C08-1471-RSL-MAT (Dkt. No. 23 at 2–3) (hereinafter "Theiler R&R") (quoting Washington Court of Appeals opinion in Johnson's case).) At sentencing, the trial judge found that Petitioner's prior criminal history gave him an offender score of 1. (*State of Washington v. Christopher Shawn Johnson*, Judgment and Sentence, Felony, No. 01-1-02525-9 SEA, at 2 (on file with court).) Specifically, Johnson's criminal history included a 1998 state court conviction from Denton County, Texas of manufacture/delivery of a controlled substance. (*Id.* at Appendix B.) The total standard range of Petitioner's sentence, including his offender score and the seriousness level of the offense (compounded, under Washington law, by the fact that the offense was one of domestic violence), was 102 to 136 months; the state court sentenced him to 136 months, and he is currently serving that sentence at Monroe Correctional Complex in this State. (*See id.* at 2; Repl. 1 (Dkt. No. 29).)

Petitioner first filed his request for a writ of habeas corpus in the Eastern District of Texas on April 16, 2008, apparently alleging that the Texas conviction used by the Washington state court in calculating his sentence was "void" because he "did not enter any plea, never appeared before the Court." (Petition 3 (Dkt. No. 1).) Although it is not precisely clear, Petitioner appears to be alleging that the King County Superior Court improperly applied this conviction to enhance his sentence. Petitioner has maintained throughout all of his filings that he never appeared at the criminal proceedings in Texas; in his objections to the R&R currently before the Court, he claims that "he is not the Christopher Johnson in the assumed prior conviction . . . ." (Objections 3 (Dkt. No. 32).) He alleges that he only learned of the Texas conviction in March, 2007, at which time he challenged it in the Texas state courts through the appeals process. (*See* Mot. Objecting to Transfer 1 (Dkt. No. 25)); *Johnson v. Texas*, No. 2-07-

ORDER
PAGE - 2

318-CR, 2007 WL 3037704 at *1 (Tex. Ct. App. Oct. 18, 2007), *discretionary review refused* Apr. 2, 2008; *cert. denied*, 128 S. Ct. 2885 (2008).

Because Petitioner is incarcerated in this District, Magistrate Judge Amos L. Mazzant transferred his habeas petition to this District in June, 2009. (Dkt. No. 17 at 2–4.) Petitioner objected to this transfer. (*See* Dkt. No. 25.)

## II. DISCUSSION

### A. Standard of Review

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1). As usual, because Petitioner is proceeding pro se, this Court must interpret his petition and objections liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

### B. Jurisdiction

Magistrate Judge Donohue concluded that jurisdiction is proper in this district because the Court has personal jurisdiction over Petitioner's current custodian, and venue is proper because petitioner was convicted in this district. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495, 499 n.15 (1973). Petitioner's objections on this point do not address either *Braden* or the reasoning in Judge Donohue's R&R, which is sound. (*See* Objections 3 (Dkt. No. 32).) His Motion objecting to the transfer (Dkt. No. 25) points to *Braden* for the proposition that a petitioner *may* file the petition in another jurisdiction than the one where the conviction was obtained, but this, while undoubtedly true, does not address the question of whether *this Court* has subject matter jurisdiction, which it does. *See also* 28 U.S.C. § 2241(a).

### C. The "In Custody" Requirement

Even though this Court has jurisdiction to hear Petitioner's challenge to his Washington conviction, the Court cannot entertain Petitioner's challenge, as cast. A habeas petitioner must be in custody at the time the petition is filed in order to challenge the basis for his detention. *Id.*; *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). Specifically, the petitioner must be in

ORDER
PAGE - 3

custody under the conviction or sentence under attack in his petition. *Id.* at 490–91. Judge Donohue concluded that, because Petitioner is no longer in custody for the Texas conviction, he cannot collaterally attack that conviction in this habeas proceeding. (R&R 3 (Dkt. No. 30).) The Court agrees with Judge Donohue, with these additional comments.

Construing Petitioner's papers liberally, he appears to be challenging his current sentence on the basis that it was enhanced based on an allegedly unconstitutional prior conviction—a 1998 conviction for which he is no longer in custody, if he ever was. Petitioner has said multiple times that the defendant in the Texas criminal action was not he. (*See* Repl. 1 (Dkt. No. 29); (Objections 3 (Dkt. No. 32).) Interestingly, Petitioner did not raise this argument in the other habeas proceeding that he initiated in this District, before Chief Judge Lasnik, in which Petitioner challenged his Washington conviction on twelve grounds. (*See* Theiler R&R at 6.) Instead, Petitioner claimed that he was denied his right to counsel at sentencing, which, again construing Petitioner's papers as liberally as possible, rendered him "not allowed to argue that the prior conviction used to enhance his sentence was not him." [sic] (Repl. 1 (Dkt. No. 29).) Chief Judge Lasnik denied this claim for failure to exhaust his procedural remedies, but certified this claim for appeal to the Ninth Circuit. (*See* Theiler R&R at 23; Order Granting in Part Motion for Certificate of Appealability, C08-1471-RSL-MAT (Dkt. No. 30 at 2).)

The correct avenue for Petitioner to pursue this argument is now the appeal before the Ninth Circuit. This is true for two reasons. First, Petitioner obviously cannot raise the same argument in two separate habeas petitions, when the prior proceeding was dismissed with prejudice. Second, because he has made absolutely clear in this petition (as he must) that he is challenging the 1998 conviction from Denton County, Texas, and not his current custody, (Dkt. Nos. 25 & 29; *see also* R&R (Dkt. No. 30 at 2)), his case falls squarely under *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001), which bars his claim, even if Petitioner's Texas conviction were unconstitutional, or obtained in his absence.

ORDER
PAGE - 4

In *Lackawanna*, the United States Supreme Court held that habeas relief is unavailable to state prisoners under 28 U.S.C. § 2254 under precisely the set of circumstances found in this case. *Id.* at 396–97. The prior Supreme Court case relied on by Judge Donohue, *Maleng*, which established the "in custody" requirement discussed *supra* and in the R&R, expressly left open the "extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." *Maleng*, 490 U.S. at 494. That appears to be the grounds upon which Petitioner centers his habeas relief. However, in *Lackawanna*, the Supreme Court addressed the question left open in *Maleng*, and held that once a state conviction is no longer open to direct or collateral attack in its own right, the conviction may be regarded as conclusively valid. *Id.* at 403. Thus, even if that conviction is used to enhance a criminal sentence in a later case, a petitioner generally may not challenge the enhanced sentence through a habeas petition on the ground that the prior conviction was unconstitutionally obtained. *Id.* at 403–04.

That is precisely the case here. Petitioner has exhausted his state appeals for his 1998 Denton County conviction. *Johnson v. Texas*, No. 2-07-318-CR, 2007 WL 3037704 at *1 (Tex. Ct. App. Oct. 18, 2007), *discretionary review refused* Apr. 2, 2008; *cert. denied*, 128 S. Ct. 2885 (2008). That conviction is therefore conclusively valid. Under *Lackawanna*, Petitioner may not collaterally attack his Washington conviction on the basis that this prior conviction, used to enhance his sentence, was unconstitutionally obtained.

*Lackawanna* did carve out an exception to this general holding, but that exception does not apply to Petitioner's case. That exception occurs where the prior conviction used to enhance the sentence was obtained over a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright,* 372 U.S. 335 (1963). *Lackawanna*, 532 U.S. at 404. The failure to appoint counsel for an indigent is a "unique constitutional defect . . . rising to the level of a jurisdictional defect," which therefore warrants special treatment. *Id.* Only *Gideon* violations allow the kind of collateral attack that Petitioner is lodging here.

Again, casting Petitioner's papers liberally, at most he is alleging a lack of an attorney at *sentencing in the Washington case*, not *trial in the Texas case*. Nothing in any of Petitioner's papers can be construed as alleging a *Gideon* defect in the Texas conviction, which is necessary to avoid the holding in *Lackawanna*. Petitioner claims that the "Christopher Johnson" in the Texas conviction was not him, but even if true—no matter how troubling—this is not a Sixth Amendment violation under *Gideon*, which is the sole exception to *Lackawanna*. Because Petitioner's case does not fall into this exception, he cannot collaterally attack his conclusively valid state court conviction on a federal habeas corpus petition. His only avenue is his currently pending appeal from Chief Judge Lasnik's Order in his other habeas proceeding, case number C08-1471-RSL.

### D. Leave to Amend

Petitioner also requests leave to amend his habeas petition. Leave to amend the original petition is woefully untimely on objections to the magistrate judge's R&R, and smacks of abuse of the writ. *See McKleskey v. Zant*, 499 U.S. 467 (1991). Moreover, the grounds on which he proposes amendment—that he wishes to "challenge his current conviction and or sentence he is now serving and on the grounds he is not the Christopher Johnson in the assumed prior conviction thus the use of the assumed prior conviction makes the sentence he is serving constitutionally invalid"—is precisely the same ground on which the Court is herein denying the habeas petition. As his proposed amendment adds nothing new to the Court's legal or factual analysis, amendment would be futile. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992) (a pro se litigant should be given leave to amend *unless* the defects cannot be cured by amendment); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### III. CONCLUSION

For the foregoing reasons, after careful consideration of Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus, the Report and Recommendation of the Honorable James P. Donohue, the governing authorities, and the balance of the record, the Court hereby ORDERS:

(1) The Court ADOPTS the Report and Recommendation, as amended by the contents of this opinion;

(2) The habeas petition is DENIED and the case DISMISSED with prejudice.

(3) The Clerk is DIRECTED to send copies of this Order to Petitioner, counsel for Respondent, and Judge Donohue.

DATED this 10th day of November, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE